**Stephanie GUTIERREZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–90–197–CR.**

Court of Appeals of Texas, Eastland.

April 8, 1993.

Rehearing Denied May 6, 1993.

Stan Brown, Abilene, for appellant.

Frank W. Conrad, II, Dist. Atty., Sweetwater, for appellee.

OPINION

PER CURIAM.

A jury convicted Stephanie Gutierrez of theft of $783.70. The trial court assessed her punishment at confinement for 3 years, which was probated for 6 years, and a fine of $1,500. We affirm.

On May 14, 1992, we determined that the evidence was sufficient to support appel-

lant's conviction; however, we abated the appeal and ordered the trial court to conduct a hearing on appellant's motion for new trial and to consider the jurors' testimony regarding misstatements of the law that were relevant to the validity of the verdict. See TEX.R.APP.P. 30(b) and *Buentello v. State*, 826 S.W.2d 610 (Tex.Cr. App.1992). The trial court has now conducted that hearing and has overruled appellant's motion for new trial.

In her sole point of error after reinstatement of the appeal, appellant argues that the trial court abused its discretion in denying her motion for new trial because the jury's verdict was "decided in a manner other than by a fair expression of opinion by the jurors." We disagree.

Appellant was tried in one trial on three indictments for theft. The jury convicted her on one, but could not agree on the other two indictments. During its deliberations, the jury first determined that appellant was guilty in Cause No. 6860 and then considered the other causes separately. Juror Larry David Conley, Sr., testified at the hearing on the motion for new trial that, at some point during the deliberations on the causes in which the jury was unable to agree, he wanted to change his vote in Cause No. 6860 to "not guilty." He testified that the foreman of the jury, Scherie Ensminger, who was a legal secretary, told him that he could not change his vote in that cause because she had already signed the verdict form and because she said the guilty verdict was final.

Juror Conley's testimony was controverted by other jurors. Juror Margaret Torres testified that she did not hear anyone say they wanted to change their vote. She did recall that the foreman, referring to Cause No. 6860 and its evidence, which had been set aside, said: "No, let's don't look at it again." Jurors Rosas Cruces and Lee Allen Holsey also testified that no one told the foreman that they wanted to change their vote. Juror Holsey also testified that the guilty verdict was unanimous. He testified that one juror, without saying why he wanted to look back at the evidence in the first case, commented: "Let's look back at

the other one and we can see"; that the foreman responded: "To bring that [evidence] back up onto the table with the rest of it, just create an even greater mess"; that the juror replied that he saw her point; and that they then resumed deliberations on the other case. Finally, Ensminger, the foreman, testified that no one told her they wanted to change their vote and that she never told anyone that they could not change their vote. She testified similarly to Juror Holsey. She recalled asking the juror why he wanted to look at the first case again, telling him that they had already voted on it, and then saying: "Let's go on." She testified that the juror responded, "Okay," and that was the end of the subject.

We hold that the trial court did not abuse its discretion in overruling appellant's motion for new trial. The trial court, as the trier of fact where there is conflicting evidence, was free to believe: that there was no misstatement of law; asserted as a fact by someone professing to know the law; which was relied upon by a juror who detrimentally changed his vote. *Buentello v. State*, supra; *Sneed v. State*, 670 S.W.2d 262 (Tex.Cr.App.1984); *Rasbury v. State*, 832 S.W.2d 398 (Tex.App.—Fort Worth 1992, pet'n ref'd). Furthermore, the trial court did not abuse its discretion in determining that the guilty verdict was decided in a manner that was a fair expression of opinion by the jurors. See, e.g., *Stanton v. State*, 747 S.W.2d 914 at 925 (Tex.App.—Dallas 1988, pet'n ref'd). Appellant's point of error is overruled.

The judgment of the trial court is affirmed.